UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NUMBER: 2:20-cr-01344-1 |
| | § | |
| JHONATAN DIAZ-CASTILLO | § | |

STIPULATION OF FACT

Jhonatan Diaz-Castillo, hereinafter referred to as the Defendant, has agreed to stipulate with the Acting United States Attorney for the Southern District of Texas, Jennifer B. Lowery, through the undersigned Assistant United States Attorney, to the following facts and expected testimony concerning the violations of Title 8, U.S. Code, §1324(a)(1)(A)(ii), §1324(a)(1)(A)(v)(I), and §1324(a)(1)(B)(i) alleged in Count One of the above-numbered Indictment. The parties agree that these facts are sufficient to establish a factual basis for the Defendant's plea, pursuant to Fed. R. Crim. P. 11(b)(3). The parties further agree that other facts exist, and those facts may be relevant at sentencing herein.

I.

The Defendant confesses that, within the Southern District of Texas, on or about November 19, 2020:

1. the Defendant and at least one other person made an agreement to commit the crime of knowingly transporting an illegal alien within the U.S. in furtherance of the alien's unlawful presence;

2. the Defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and,

1

3. the Defendant, during the existence of the conspiracy, knowingly committed some act in furtherance of the conspiracy which included driving the vehicle that was used to transport aliens that had come to, entered or remained in the United States in violation of the law.

II.

The Defendant further stipulates and agrees that, had the case proceeded to trial, the United States would have evidence as outlined below, and would have called witnesses to testify that:

1. On November 19, 2020, a black 2020 Infiniti QX80 approached the primary inspection lane of the United States Border Patrol Immigration Checkpoint near Sarita, Texas. The agent operating the primary inspection lane observed two visible occupants in the vehicle. Codefendant Jewell Wilkinson drove the vehicle. The Defendant sat in the front passenger seat. The agent inquired about the citizenship status of each passenger. Both responded that they were U.S. citizens. The agent asked the Defendant to roll down the rear window. With the rear window down, the agent noticed several luggage bags stacked almost to the roof of the vehicle. Given the luggage, the agent inquired about the passengers' travel. Ms. Wilkinson provided contradictory responses and appeared nervous. Given the Ms. Wilkinson's behavior, and the agent's knowledge of stacked luggage used in smuggling events, the agent asked for Ms. Wilkinson's permission to inspect the rear compartment. Ms. Wilkinson consented and opened the rear cargo door of the vehicle. With the door open, the agent inspected the cargo area. The agent immediately noticed a bare foot underneath the luggage.

2. Given his suspicion that alien smuggling was afoot, the agent directed the Defendant and Ms. Wilkinson out of the vehicle. Agents removed the aliens, later identified as Donaldo

Vasquez-Orozco and Simon Zuniga-Marin, from the vehicle. The Defendant, Ms. Wilkinson, and the two suspected aliens were then detained and escorted into the secondary inspection area.

    3. Agents read the Defendant his Miranda Rights. The Defendant acknowledged understanding his rights and consented to speak with agents without an attorney present. The Defendant then admitted that he and Ms. Wilkinson meet an unidentified individual at a Walmart parking lot in Brownsville, Texas. There, the individual placed the two aliens in the rear cargo area of the vehicle and covered the aliens with luggage that the Defendant and Ms. Wilkinson had brought with them on the trip. The vehicle then drove towards the checkpoint.

    4. Agents also spoke with the smuggled aliens. After agents read Mr. Vasquez-Orozco his Miranda Rights, Mr. Vasquez-Orozco expressed that he was willing to make a statement to Border Patrol Agents without the presence of an attorney. Mr. Vasquez-Orozco explained he was a citizen of Guatemala who illegally crossed into the U.S. on October 21, 2020. After crossing, he was kept at a stash house until the date of the instant smuggling event. Mr. Vasquez-Orozco confirmed the Defendant's story about meeting the Defendant at a Walmart parking lot, entering the vehicle, and having luggage placed on top of him.

    5. Agents read the Mr. Zuniga-Marin his Miranda Rights. Mr. Zuniga-Marin expressed that he was willing to make statements to Border Patrol Agents without the presence of an attorney. Mr. Zuniga-Marin explained he was a citizen of Mexico who illegally crossed into the U.S. on November 16, 2020. After crossing, he was kept at a stash house until the date of the instant smuggling event. Mr. Zuniga-Marin confirmed the Defendant's story about meeting the Defendant and Codefendant at a Walmart parking lot, entering the vehicle, and having luggage placed on top of him. Mr. Vasquez-Orozco identified the Defendant in a photo lineup.

III.

The parties hereto agree that the United States could prove the above facts beyond a reasonable doubt.

The undersigned have thoroughly reviewed, understand, and agree that the information contained in this Stipulation of Fact are true and correct.

_____  11/03/2021
JHONATAN DIAZ-CASTILLO              Date
Defendant

_____  11-03-21
JOHN TEAKELL                        Date
Attorney for Defendant

JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY

By: _____  October 28, 2021
    DENNIS E. ROBINSON              Date
    Assistant United States Attorney